UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BROCK KING LEWIS,

                Plaintiff,

    v.

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,

                Defendant.

Case No. 3:15-cv-00553-MMD-VPC

**I.    BACKGROUND AND SUMMARY**

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (ECF No. 26) regarding Plaintiff Brock King Lewis' Motion for Remand or Reversal of the Commissioner's Decision (ECF No. 17) and Defendant Commissioner Carolyn W. Colvin's ("the Commissioner") Opposition and Cross-Motion to Affirm. (ECF Nos. 19.) The Court has reviewed the Commissioner's objection (ECF No. 27) and Lewis' response (ECF No. 28). For the reasons discussed below, the Court adopts the R&R in full.

The following relevant background facts are taken from the R&R. (ECF No. 26 at 1-2.) Lewis protectively filed for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act in November 2012 based on a disability he claims commenced in October 2009. After the Social Security Administration denied his initial application and request for reconsideration, Lewis appeared before an Administrative Law Judge ("ALJ")

accompanied by his mother Marilyn King, who served as a non-attorney representative. The ALJ issued an opinion in August 2014 finding that Lewis was not disabled at any time between 2009 and that date. The Appeals Council denied Lewis review, and the ALJ's decision became the final decision of the Commissioner.

Lewis filed a complaint in this Court in November 2015. (ECF No. 1.) He filed a Motion for Remand or Reversal in May 2016. (ECF No. 17.) Shortly thereafter the Commissioner filed a Cross Motion to Affirm. (ECF No. 19.) On August 18, 2016, Magistrate Judge Cooke issued an R&R agreeing with Lewis in part, recommending that Lewis' Motion be granted, the Commissioner's Motion denied, and the case remanded to the ALJ for further proceedings. (ECF No. 26 at 20.)

## II.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of the Commissioner's objection, the Court engages in a *de novo* review of the two portions of the R&R relevant to the objection.

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and must consider evidence that both supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 523 (citation omitted). In weighing

the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

**III.   ANALYSIS**

The R&R finds that the ALJ erred by failing to base her conclusion at step three of the analysis — determining whether Lewis' impairments corresponded to certain listed impairments — on substantial evidence, and further erred in explaining her adverse credibility determinations against King. According to the R&R, these errors require remand for further proceedings because the record does not clearly show whether Lewis is or is not entitled to benefits. (ECF No. 26 at 19.)

The Commissioner argues that the ALJ did not err at step three of her analysis, and even if she did, any error was harmless and not a basis for remand. (ECF No. 27 at 2-3.) The Commissioner further argues that the ALJ's credibility determinations were properly explained and supported. (*Id.* at 7.)

**A.   Step Three Conclusion**

To determine whether a claimant qualifies for SSDI and SSI, the Commissioner goes through a five step process. Relevant to this Order is step three, where the claimant's impairment is compared to a list of impairments at 20 C.F.R. Pt. 404, Subpart P, Appendix 1 ("List of Impairments").

Lewis argues that the ALJ erred in finding that his impairments do not meet the requirements of Listing 12.04. That listing provides that affective disorders, "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome," meet the required level of severity when the requirements in paragraphs A and B are satisfied, or when the requirements in paragraph C are satisfied. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04.

To meet the requirements of paragraph B, a claimant must show that his or her affective disorder results in at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked

difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. *Id.* at § 12.04(B). "Marked" means more than moderate but less than extreme. *Id.* at § 12.00(C)(3). "Episodes of decompensation" is defined as "exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." *Id.* at § 12.00(C)(4).

> To meet the requirements of paragraph C, a claimant must show a:
>
> Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> 1. Repeated episodes of decompensation, each of extended duration; or
>
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
>
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

*Id.* at § 12.04(C).

The ALJ decided that Lewis' impairments do not equal the severity of the items in the List of Impairments. Among other things, the ALJ concluded that "the evidence does not show that the claimant has experienced any episodes of decompensation of extended duration," nor any repeated episodes of decompensation. (AR at 23.) The R&R determined that it could not conclude the ALJ's decision was supported by substantial evidence because the ALJ did not justify her decision with any reference to medical evidence or citations to the record. The R&R lists medical and non-medical evidence from the record that seems to support Lewis' argument and concludes that it can neither determine that Lewis' impairments are equivalent to the List of Impairments, nor that the ALJ based its decision on substantial evidence. The R&R therefore recommends remand for further proceedings to clarify and correct the decision as needed. (ECF No. 26 at 10-

4

12.) The Commissioner argues that the R&R is incorrect because the ALJ need not repeat a summary of evidence alongside every determination and, in any event, any error was harmless. (ECF No. 27 at 3.)

The Court agrees with the R&R. The Commissioner is correct that the ALJ does not have to say magic words or endlessly repeat herself, but she is obligated to provide an explanation that a reviewing court, such as this one, can evaluate. In the absence of a sufficient explanation, a court may remand for clarification. *See, e.g.*, *Pinto v. Massanari*, 249 F.3d 840, 848 (9th Cir. 2001). For the reasons discussed in the R&R, the Court opts to remand.

The Commissioner next argues that even if the ALJ did not explain her step three conclusion, her decision should still be affirmed because the error was harmless. The Commissioner argues that even if the ALJ were to reevaluate and change her opinion about whether Lewis' impairments match the Listed Impairments, Lewis would still not be disabled because the ALJ found that he "had no marked restrictions, no residual disease process that had resulted in such marginal adjustment that even a minimal increase in mental demands or change in environment would be predicted to cause decompensation, and there was no current history of one or more years of inability to function outside a highly supportive living arrangement." (ECF No. 27 at 6.) This argument is a misreading of §12.04(C), which requires only *one* of the three listed criteria in conjunction with a history of chronic affective disorder. The ALJ did not discuss whether the first portion of §12.04(c) was satisfied but concluded that none of the three additional criteria were. If, upon remand, the ALJ decides that Lewis did experience repeated episodes of decompensation, he may have satisfied the elements of paragraph C. Therefore, the error is not harmless and remand is not futile. Furthermore, as discussed below, the Court agrees with the R&R that the ALJ erred in rejecting portions of King's testimony, and a reconsideration of that evidence may affect other portions of the step three analysis.

///

///

**B.     Credibility Determinations**

The ALJ is responsible for determining credibility. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The ALJ may reject a third party's testimony upon giving a reason germane to that witness. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

Here, the ALJ discounted reports from King describing Lewis' day-to-day functioning because "they were generally prefaced with 'from our conversations . . .' indicating they were just subjective reports from the claimant." (AR at 24.) The ALJ further discounted King's testimony because King "rarely mentioned alcohol problems/treatment" which suggests "subjective advocacy rather than objective reliability." (AR at 25-26.) The R&R found both of these reasons improper. (ECF No. 26 at 13-15.) The Commissioner argues that the ALJ's interpretation was reasonable, and that the ALJ's separate finding that Lewis' testimony about his alcohol use was inconsistent and therefore affected his credibility, allows the ALJ to similarly discount King's testimony without further explanation. (ECF No. 27 at 7-9.)

The Court agrees with the R&R. The Ninth Circuit has recognized that lay testimony by family members, even when based on conversations with the claimant, may constitute probative evidence of disability. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("Although eyewitnesses have to rely to some extent on communications with the claimant . . . friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition.") Therefore, the ALJ's first reason, which was based on the nature of the testimony rather than any reason germane to King herself, is improper.[1] As for the second reason, while mischaracterizing or dismissing the importance of a claimant's alcohol use is a legitimate reason for discounting testimony, the Court agrees with the R&R that it is not clear where and how King downplayed or ignored Lewis' alcohol use in this case. The ALJ does not point to any specific examples

///

---

[1] The Court also agrees with the R&R's qualification that the ALJ acted properly in disregarding any lay medical opinions offered by King.

and, as the R&R correctly notes, King mentions Lewis' history of alcohol use and Alcoholics Anonymous attendance repeatedly. (ECF No. 26 at 14-15.) The Commissioner's argument that the ALJ's reasons for discounting Lewis' testimony apply equally to King is unconvincing. The ALJ pointed to specific inconsistencies in the record that highlighted Lewis' inconsistent statements about or descriptions of his alcohol use. (AR at 27). As the R&R points out, it is not clear that King made any similar misleading or inconsistent representations — in fact, she repeatedly discussed his alcoholism. Therefore, the Court agrees with the Magistrate Judge that the ALJ did not offer satisfactory reasons for discounting King's testimony.

**IV.  CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 26) is accepted and adopted in full. Plaintiff's Motion to Remand (ECF No. 17) is granted. Defendant Commissioner Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (ECF No. 19) is denied.

This case is remanded to the ALJ for further proceedings. The Clerk is directed to close this case.

DATED THIS 29th day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE